UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GRACEMARIE TOMASELLI, et al., )
)
       Plaintiffs, )
  v. ) C.A. No. 08-10666-PBS
) (U.S.C.A. No. 10-1598)
DONALD W. BEAULIEU, et al., )
)
       Defendants. )

### STATEMENT IN SUPPORT OF RULE 54(b) CERTIFICATION

By Order dated July 13, 2010, the First Circuit directed this Court to provide a statement of reasons in support of the entry of judgment pursuant to Fed. R. Civ. P. 54(b). For the reasons stated below, the undersigned provides the reason for the entry of a separate and final judgment for the Town Counsel Defendants. The Clerk shall transmit this Statement to the First Circuit Court of Appeals.

### BACKGROUND

Plaintiffs, Gracemarie and Joyce Tomaselli, brought suit against the Town of Salisbury ("Town") as well as current and past Town officials and employees. See Docket. The Plaintiffs also named as defendants the law firm of Kopelman and Paige, P.C., Thomas W. McEnaney and Deborah A. Eliason ("Town Counsel Defendants"), who served as counsel for the Town and several municipal defendants, as well as the law firm of Coppola and Coppola, and its attorneys James E. Coppola, Jr. and Judith O. Trufant ("the Coppola defendants"), who served as counsel to the

Town in foreclosure proceedings in Massachusetts Land Court.

On February 27, 2009, the Town Counsel Defendants filed a Motion to Dismiss. See Docket No. 36. On October 23, 2009, the Coppola defendants filed a Motion to Dismiss. See Docket No. 76. On March 10, 2010, Magistrate Judge Dein entered a Report and Recommendation to grant the Town Counsel Defendants' Motion to Dismiss. See Docket No. 90. On the same date, March 10, 2010, she recommended granting the Coppola defendants Motion to Dismiss. See Docket No. 91.

By Electronic Order dated April 1, 2010, the undersigned adopted the Report and Recommendation of Magistrate Judge Dein as to the Town Counsel Defendants and the Clerk entered an order of dismissal. See Docket. By Electronic Order dated May 5, 2010, the undersigned adopted the Report and Recommendation of Magistrate Judge Dein as to the Coppola defendants and the Clerk entered an order of dismissal. See Docket.

On April 30, 2010, the Plaintiffs filed a Notice of appeal of the April 1st Order dismissing the Town Counsel defendants. See Docket No. 102.

On May 14, 2010, the Town Counsel Defendants moved for Separate and Final Judgment. See Docket No. 107. By Electronic Order dated June 3, 2010, the undersigned allowed the Town Counsel Defendants' Motion for Separate and Final Judgment. See Docket. The 6/3/10 Electronic Order directed Counsel for the

Town Counsel Defendants to submit a proposed form of Judgment to the Court.

By Order dated July 13, 2010, the First Circuit remanded for a statement of reasons in support of the entry of judgment pursuant to Fed. R. Civ. P. 54(b).

On July 15, 2010, the Town Counsel Defendants submitted their proposed form of Judgment. See Docket No. 123.

## DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure allows a court, when more than one claim for relief is presented in an action, or when multiple parties are involved, to:

> direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. and upon an express direction for the entry of judgment.

Rule 54(b), Fed. R. Civ. P.

Thus, Rule 54(b) requires that: (1) there be no reason for delay; and (2) the court expressly direct the entry of judgment. Great American Trading v. I.C.P. Cocoa, Inc., 629 F.2d 1282, 1286 (7th Cir. 1980); see Willhauck v. Halpin, 919 F.2d 788, 793 (1st Cir. 1990) ("an order which disposes of one or more parties or claims but does not end the litigation must either be certified as final pursuant to Rule 54(b) or be disposed of with the remainder of the litigation at the conclusion of the entire case").

Here, there was no just reason for delay in the entry of a

separate and final judgment for the Town Counsel Defendants because all the pending claims against them were resolved. Moreover, as noted in Town Counsel Defendants' 5/14/10 Motion for Separate and Final Judgment, Attorney Thomas McEnaney and Kopelman and Paige P.C. intend to take an active role in defending the Municipal Defendants in the pending litigation. The entry of a separate and final judgment for the Town Counsel Defendants would help resolve any potential conflict of interest that would arise from Kopelman and Paige and Attorney McEnaney's representation of the Municipal Defendants in an action in which they are also named.

## CONCLUSION

For the foregoing reasons, the undersigned finds that there was no just reason for delay in the entry of a separate and final judgment for the Town Counsel Defendants. The Clerk shall transmit this Statement to the First Circuit Court of Appeals.

7/20/2010
DATE

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE