UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
GRACEMARIE TOMASELLI and JOYCE  )
TOMASELLI,                      )
        Plaintiffs,             )
                                ) CIVIL ACTION NO. 08-10666-PBS
     v.                         )      (APP. NO. 10-2313)
                                )
DONALD BEAULIEU, et al.,        )
                                )
        Defendants.             )
```

**STATEMENT IN SUPPORT OF RULE 54(b) CERTIFICATION**

January 31, 2011

Saris, U.S.D.J.

The First Circuit has directed this Court to provide a statement of reasons in support of the entry of judgment pursuant to Fed. R. Civ. P. 54(b) as to defendants Coppola and Coppola, James E. Coppola, Jr., and Judith O. Trufant. See Docket No. 134. As explained more fully below, the Court entered a Separate and Final Judgment in regards to these defendants because the judgment has the requisite aspects of finality and it would be in the interest of judicial economy for the First Circuit to consider this appeal at the same time that it considers an earlier-filed and related appeal.

BACKGROUND

I.  Claims and Parties

Plaintiffs Gracemarie and Joyce Tomaselli brought suit against the Town of Salisbury ("Town") as well as current and past Town officials and employees. See Docket. The plaintiffs

also named as defendants the law firm of Coppola and Coppola, and its attorneys James E. Coppola, Jr. and Judith O. Trufant ("Coppola defendants"), who served as counsel to the Town in foreclosure proceedings against the Tomasellis in Massachusetts Land Court. The law firm of Kopelman and Paige, P.C., Thomas W. McEnaney and Deborah A. Eliason ("Town Counsel defendants"), who served as counsel for the Town and several municipal defendants, were also named as defendants.

II. Grant of Motions to Dismiss and Notices of Appeal

On February 27, 2009, the Town Counsel defendants filed a Motion to Dismiss. See Docket No. 36. On October 23, 2009, the Coppola defendants filed a Motion to Dismiss. See Docket No. 76. On March 10, 2010, Magistrate Judge Dein entered a Report and Recommendation on each motion, recommending that the Court grant the motions. See Docket Nos. 90, 91. The two Report and Recommendations relied on the same reasoning and legal authorities, and were virtually identical.

By Electronic Order dated April 1, 2010, the undersigned adopted the Report and Recommendation of Magistrate Judge Dein as to the Town Counsel defendants and the Clerk entered an order of dismissal. See Docket. On April 30, 2010, the plaintiffs filed a Notice of Appeal of the April 1, 2010 order of dismissal. See Docket No. 102.

By Electronic Order dated May 5, 2010, the Court adopted the

Report and Recommendation of Magistrate Judge Dein as to the Coppola defendants and the Clerk entered an order of dismissal. See Docket. On June 4, 2010, the plaintiffs filed a Notice of Appeal of the order dismissing the Coppola defendants. See Docket No. 114.

III. Separate and Final Judgments

On May 14, 2010, the Town Counsel defendants moved for a Separate and Final Judgment, see Docket No. 107, which motion the undersigned allowed in an Electronic Order dated June 3, 2010.

By direction of the First Circuit, on July 20, 2010, the Court provided a statement of reasons in support of the entry of judgment in regards to the Town Counsel defendants. See Docket No. 125. The Court explained that there was no just reason for delay in the entry of a separate and final judgment for the Town Counsel defendants because (1) all of the pending claims against them had been resolved; (2) Kopelman and Paige P.C. and Attorney McEnaney intended to take an active role in defending the Town defendants; and (3) the entry of a separate and final judgment would help resolve any potential conflict of interest that would arise from Kopelman and Paige and Attorney McEnaney's representation of the Town defendants in an action in which they are also named as defendants.

On August 16, 2010, the Coppola defendants moved for a Separate and Final Judgment. See Docket No. 132. In an

3

Electronic Order dated September 29, 2010, the Court granted the motion as unopposed. A Separate and Final Judgment was entered thereafter. See Docket No. 134.

In an Order issued on December 14, 2010 but not docketed in this Court until January 14, 2011, the First Circuit asked this Court to provide a statement of reasons for the entry of a Separate and Final Judgment in regards to the Coppola defendants. See Docket No. 140.

## DISCUSSION

Rule 54(b) of the Federal rules of civil Procedure allows a court, when more than one claim for relief is presented in an action, or when multiple parties are involved, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether the entry of a separate and final judgment is appropriate, a court must first consider whether the judgment has the "requisite aspects of finality." State Street Bank & Trust Co., v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996) (quoting Darr v. Muratore, 8 F.3d 854, 862 (1st Ci. 1993)). If this condition is satisfied, the court must examine "any interrelationship or overlap among the various legal and factual issues involved" and "any equities and efficiencies implicated by the requested piecemeal review." Id.

4

Here, the Final and Separate Judgment for the Coppola defendants has the "requisite aspects of finality." No claims remain pending against the Coppola defendants.

The Court also finds that the Final and Separate Judgment for the Coppola defendants is in the interest of judicial efficiency. There is no substantial interrelationship or overlap between the dismissed claims and the claims that remain pending. There is, however, a substantial overlap in the legal and factual issues presented in this appeal and in the pending appeal of the Court's order granting the Town Counsel defendants' motion to dismiss. As noted above, the Report and Recommendations granting the motions to dismiss of the Town Counsel defendants and the Coppola defendants, which were adopted by the undersigned, were virtually identical. Entering a Final and Separate Judgment in regards to the Coppola defendants promotes judicial economy because it would permit the First Circuit to consider both appeals at the same time.

## CONCLUSION

For the foregoing reasons, the Court finds that there was no just reason for the delay in the entry of a separate and final judgment for the Coppola defendants.

The Clerk shall transmit this Statement to the First Circuit Court of Appeals.

SO ORDERED.

```
 1/31/2011            /s/ Patti B. Saris
DATE                 PATTI B. SARIS
                     UNITED STATES DISTRICT JUDGE
```