UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACEMARIE TOMASELLI ) <br> and JOYCE TOMASELLI, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> DONALD W. BEAULIEU, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 08-10666-RWZ |

# ORDER ON PLAINTIFFS' MOTION FOR
# TRANSCRIPTS AT GOVERNMENT EXPENSE

March 25, 2011

DEIN, U.S.M.J.

This matter is before the court on the "Plaintiffs-Appellants' Motion to Request Transcripts to be Done at Government Expense" (Docket No. 143). By their motion, the plaintiffs, Gracemarie and Joyce Tomaselli (the "Tomasellis"), request an order directing the United States to pay for transcripts of two hearings that took place before this court concerning certain of the defendants' motions to dismiss. For the reasons that follow, the plaintiffs' motion is DENIED.

## BACKGROUND

This action arises out of a lengthy dispute between the Tomasellis and the Town of Salisbury, Massachusetts ("Town") relating to a sewer betterment assessment that was imposed by the Town in 1992 and the manner in which the Town calculated related

sewer user fees.  The plaintiffs have brought claims against the Town and various past and present Town officials and employees.  In addition, they named as defendants the law firm of Kopelman and Paige, P.C. and two of its attorneys, Thomas W. McEnaney and Deborah A. Eliason (the "Town Counsel Defendants"), who served as counsel to the Town.  They also named as defendants the law firm of Coppola and Coppola, and two of its attorneys, James E. Coppola, Jr. and Judith O. Trufant (the "Coppola Defendants"), who represented the Town in foreclosure proceedings before the Massachusetts Land Court.

Both the Town Counsel Defendants and the Coppola Defendants filed motions to dismiss all of the plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Nos. 36 and 76).  On March 10, 2010, this court issued a Report and Recommendation on Town Counsel Defendants' Motion to Dismiss (Docket No. 90) in which it recommended that the District Judge allow the Town Counsel Defendants' motion to dismiss.  On that same date, this court issued a Report and Recommendation on the Coppola Defendants' Motion to Dismiss (Docket No. 91) in which it recommended that the District Judge allow the Coppola Defendants' motion to dismiss.  The District Judge adopted both recommendations, and the Clerk entered orders dismissing the action against both law firms and the four individual attorneys.  (See Docket Nos. 96 and 106). The District Judge subsequently entered separate and final judgments, pursuant to Fed. R. Civ. P. 54(b), with respect to both sets of defendants.  (Docket Nos. 124 and 129).

The Tomasellis appealed the dismissals to the First Circuit Court of Appeals. (Docket Nos. 102 and 135). In connection with those appeals, the Tomasellis requested, and were granted, leave to appeal in forma pauperis. (<u>See</u> Docket Nos. 130 and 138). The Tomasellis filed the pending motion to obtain transcripts at the government's expense on March 17, 2011.

## **DISCUSSION**

By their pending motion, the Tomasellis are seeking an order directing the government to pay for the transcript of a status conference and hearing which took place before this court on June 15, 2009, and for the transcript of a motion hearing which took place before this court on December 18, 2009. Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." This court finds that it is not able to make such a certification.

As an initial matter, this court notes that the motions to dismiss were brought pursuant to Fed. R. Civ. P. 12(b)(6). Thus, while oral argument may have helped to highlight certain of the parties' arguments, it was in no way controlling and did not alter the fact that the court was required to decide the motions based on the allegations set forth in the plaintiffs' complaint and the arguments raised by the parties in their pleadings. Similarly, the parties' oral arguments before the trial court would add little, if

anything, to the record to be considered on appeal. Therefore, the Tomasellis do not need the transcripts in order to pursue their appeal.

Moreover, on appeal the Tomasellis are seeking principally to challenge this court's determination, as set forth in detail in the March 10, 2010 Report and Recommendations, that the Town Counsel Defendants and the Coppola Defendants were entitled to absolute immunity for statements they made and actions they took in their capacities as legal advocates for the Town. Specifically, the plaintiffs intend to show that as a result of various misstatements that the attorneys made in the course of representing the Town, "[t]he attorneys, working in concert with Town officials and acting under the color of the law, deprived [the plaintiff/appellants] of receiving an accurate/honest decision from the Appellate Tax Board, Appeals Court and U.S. District Court based on the true facts of the case." (Pl. Mot. at 3). However, the Tomasellis have cited no authority contradicting the case law relied upon by this court to support its conclusion that the defendants were entitled to absolute immunity based on the alleged facts. Furthermore, there is nothing set forth in the plaintiffs' motion to suggest that, under the circumstances presented in this case, the issue of absolute immunity remains debatable. Accordingly, this court cannot certify that the appeal is not frivolous but presents a substantial question. The plaintiffs' motion to obtain transcripts at the government's expense is denied.

                                                     / s / Judith Gail Dein

Judith Gail Dein
                                                                U.S. Magistrate Judge